UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GILBERT LAU, et al.,

                                                      Plaintiffs,

v.                                                                                 22-cv-436 (BKS/DJS)

DR. ANTHONY STEPHEN FAUCI, et al.,

                                                      Defendants.
_____

**Appearances:**

*Plaintiffs pro se:*
Gilbert Lau
Shreveport, Louisiana 71162
Jose Mercado
Upper Saddle River, New Jersey 07458
Suzan Matovu
Uganda Entebbe

*For Defendant Spirit Airlines:*
Jonathan E. DeMay
Condon & Forsyth LLP
Times Square Tower
7 Times Square
New York, New York 10036

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiffs pro se Gilbert Lau, Jose Mercado, and Suzan Matovu bring this action, on behalf of themselves and all others similarly situated, against Defendants Dr. Anthony Stephen Fauci, U.S. National Institute of Allergy and Infection (sic) Diseases, Transportation Security

Administration, Spirit Airlines ("Spirit"),[1] John Doe (also known as Marrio[2]) of Spirit Airlines, AMTRAK National Railroad Passenger Corporation, Centers for Disease Control and Prevention, Dr. Rochelle P. Walensky, United States of America, United States of America Corporation, People's Republic of China, Russian Federation, Ukraine, Canada, Australia, Israel, Republic of Uganda, Republic of Colombia, New Zealand, Indonesia, World Health Organization, United Airlines, United Airlines Officer John Doe, and American Airlines, as well as ten thousand Jane Doe defendants and ten thousand John Doe defendants. (Dkt. No. 13, at 1–2, 6–9.) Plaintiffs' first amended complaint appears to assert claims under the Administrative Procedure Act, 5 U.S.C. §§ 703, 706(2)(C); the Air Carrier Access Act, 49 U.S.C. § 41705; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983, 1985, 1986; 49 U.S.C. § 44702; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203, as well as New York and international law. (Dkt. No. 13, ¶¶ 1–3, 30–49, 51, 114.) Presently before the Court are Defendant Spirit's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), (Dkt. No. 18), and Plaintiffs' motion to amend the first amended complaint, (Dkt. No. 16). Plaintiffs filed an "affirmation in opposition" to the motion to dismiss, (Dkt. No. 27), but stated they would "not file a memorandum of law because [adequacy of service] is a question of fact, not a question of law," (*id.* ¶ 7). Spirit opposes Plaintiffs' motion to amend. (Dkt. No. 21.) For the following reasons, the Court grants Spirit's motion to dismiss and denies Plaintiffs' motion to amend the first amended complaint.

---

[1] Plaintiffs also refer to this Defendant as "Spirst Airlines." (Dkt. No. 13, at 1, 8, 51, 55, 63, 91.)

[2] Plaintiffs also refer to this Defendant as "Mario." (*Id.* ¶¶ 4, 45, 320, 388.)

## II.	FACTS[3]

Plaintiffs allege in the first amended complaint that Defendants violated the Constitution and various federal, state, and international laws by implementing and enforcing the "Federal Transportation Mask Mandate" and the "International Traveler Testing Requirement." (Dkt. No. 13, ¶¶ 1–19.) Plaintiffs further allege that certain Defendants harassed, sexually abused, or discriminated against them for refusing to comply with the mask mandate. (*Id.* ¶¶ 3, 346–65, 396–424.) Plaintiffs request that the Court "permanently enjoin enforcement of the Federal Transportation Mask Mandate . . . and the International Traveler Testing Requirement" along with "any ban for refusing to wear coverings[,] . . . [and] any harassment for refusing to wear face coverings." (*Id.* ¶¶ 1–3, 5–9.) Plaintiffs also seek declaratory judgment providing relief from airport and airline bans and "declaratory judgment that the [s]o-called sarscov2 virus has never been proven to exist as a matter of fact." (*Id.* ¶¶ 16–19.)

## III.	DEFENDANT SPIRIT'S MOTION TO DISMISS

### A.	Standard of Review

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A motion under Federal Rule of Civil Procedure 12(b)(5) "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Soos v. Niagara Cnty.*, 195 F. Supp. 3d 458, 462 (W.D.N.Y. 2016) (citation omitted). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preston v. New York*, 223 F.

---

[3] These facts are drawn from the first amended complaint. (Dkt. No. 13.)

3

Supp. 2d 452, 466 (S.D.N.Y. 2002)). A court "must look to matters outside the complaint" to determine the sufficiency of service of process. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). When faced with a motion to dismiss under Rule 12(b)(5), a plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Kwon v. Yun*, No. 05-cv-1142, 2006 WL 416375, at *2, 2006 U.S. Dist. LEXIS 7386, at *6 (S.D.N.Y. Feb. 21, 2006) (citations omitted). A court must "read [pro se litigants'] supporting papers liberally[] and . . . interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted), though "the liberal treatment afforded to pro se litigants does not exempt a pro se party 'from compliance with relevant rules of procedural and substantive law,'" *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009)). A dismissal under Rule 12(b)(5) is without prejudice because such a dismissal "is not on the merits and has no res judicata effect." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1353 (3d ed.).

**B.  Analysis**

Spirit moves to dismiss the first amended complaint under Rule 12(b)(5). (Dkt. No. 18.) Specifically, Spirit argues that Plaintiffs' service on Spirit was insufficient and invalid because Plaintiffs personally served Spirit with the original complaint—but not the first amended complaint—after they filed the first amended complaint. (*Id.* at 5–7.) Plaintiffs argue that the first amended complaint was served on Spirit and attach an affirmation of service showing that the original complaint, summons, and exhibits were personally served on Spirit on October 18, 2022, and the first amended complaint was mailed to Spirit on October 18, 2022, at 11:00 a.m.

(Dkt. No. 27, at 1, 4, 7.)[4] In reply, Spirit argues that by attempting service of the first amended complaint by mail, Plaintiffs failed to comply with federal and applicable state laws of service. (Dkt. No. 30, at 4–9.)

As an initial matter, Spirit is correct in arguing that Plaintiffs' service of the original complaint after the first amended complaint had been filed was not proper, and Plaintiffs do not contend otherwise. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (citations omitted). Though, in general, "the original complaint is not superseded until the amended complaint is served," *id.* at 669, that is not so where an amended complaint is filed before the original complaint is served, *see TCS Cap. Mgmt., LLC v. Apax Partners, L.P.*, No. 06-cv-13447, 2008 WL 650385, at *10, 2008 U.S. Dist. LEXIS 19854, at *27–28 (S.D.N.Y. Mar. 7, 2008) ("Several . . . cases from this district have . . . h[el]d that service of the original complaint after an amended complaint has been filed is ineffective."); *see also Vesco*, 556 F.2d at 669 n.4 (distinguishing from its holding—that an original complaint that has been served is not superseded until the amended complaint is served—a prior case in which "the original complaint was not served on the defendant until after the amended complaint had been filed"). That is, service is not properly effected where a plaintiff serves the original complaint after filing an amended complaint. *See TCS*, 2008 WL 650385, at *10, 2008 U.S. Dist. LEXIS 19854, at *27–28; *see also Finkel v. Hall-Mark Elec. Supplies Corp.*, No. 07-cv-2376, 2009 WL 3401747, at *3, 2009 U.S. Dist. LEXIS 97435, at *6 (E.D.N.Y. Oct. 21, 2009) ("When . . . a plaintiff serve[s] a defendant with an original complaint before filing an amended pleading, the original complaint

---

[4] Plaintiffs subsequently filed an amended affirmation of service that suggests the first amended complaint was mailed to Spirit Airlines on October 23, 2022, at 6:00 p.m. (Dkt. No. 29, at 3.)

5

is only superseded when the plaintiff serves the amended complaint, not when the plaintiff files it. . . . But [if an original complaint is served after the plaintiff files an amended complaint], the general rule announced in *Vesco* may lead to a different result."); *McCarthy v. Brennan*, No. 19-cv-1386, 2020 WL 5549072, at *5, 2020 U.S. Dist. LEXIS 169083, at *12 (N.D.N.Y. Sept. 16, 2020) (finding that service was not properly effected where a plaintiff served either the original complaint or the first amended complaint after filing a second amended complaint), *aff'd sub nom. McCarthy v. DeJoy*, No. 20-3600, 2022 WL 519180, 2022 U.S. App. LEXIS 4613 (2d Cir. Feb. 22, 2022); *Gonzalez v. Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, No. 20-cv-505, 2020 WL 6263549, at *6, 2020 U.S. Dist. LEXIS 197437, at *16 (D. Conn. Oct. 23, 2020) ("A line of cases from other courts in this Circuit supports Defendants' argument that, because [Plaintiff] filed the Amended Complaint before serving the Original Complaint, service of the superseded Complaint was not proper." (quotation marks and citation omitted)).

Here, Plaintiffs filed their original complaint on May 4, 2022. (Dkt. No. 1.) On May 19, 2022, Plaintiffs requested an extension of time to serve Defendants and indicated that they would be filing a first amended complaint "without leave and consent by right." (Dkt. No. 5.) The Court granted Plaintiffs' request for an extension of time to serve Defendants and ordered that Plaintiffs file proofs of service by July 8, 2022. (Dkt. No. 6.) Plaintiffs failed to do so, and on July 11, 2022, Plaintiffs requested additional time to serve Defendants and again noted they would be filing a first amended complaint, (Dkt. No. 7). The Court ordered that Plaintiffs file their first amended complaint by August 19, 2022. (Dkt. No. 10.) On August 2, 2022, Plaintiffs requested an extension of time to file their first amended complaint, (Dkt. No. 11), which the Court granted, (Dkt. No. 12). Plaintiffs filed their first amended complaint on August 12, 2022. (Dkt. No. 13.) But Plaintiffs did not personally serve Spirit with the original complaint until

October 18, 2022, (Dkt. No. 27, at 4), well after Plaintiffs filed their first amended complaint. Because Plaintiffs filed their first amended complaint before effecting service of the original complaint on Spirit, service of the original complaint was not proper. *See TCS*, 2008 WL 650385, at *10, 2008 U.S. Dist. LEXIS 19854, at *27–28.

Having found service of the original complaint improper, the Court must consider whether Plaintiffs' mailing of the operative first amended complaint constituted proper service.[5] Rule 4(h)(1) of the Federal Rules of Civil Procedure governs service of a domestic corporation in a judicial district of the United States. That rule provides that a domestic corporation "must be served . . . (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or[] (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

Rule 4(h)(1)(B) "does not itself allow for personal service of process by mail . . . on . . . corporate defendants." *Ivey v. City of Albany*, No. 21-cv-684, 2022 WL 4549468, at *7, 2022 U.S. Dist. LEXIS 176835, at *18 (N.D.N.Y. Sept. 29, 2022) (quoting *Gold Medal Produce Inc. v. Ricosu Tropical Prods., Inc.*, No. 09-cv-9858, 2010 WL 2267728, at *1, 2010 U.S. Dist. LEXIS 53991, at *2 (S.D.N.Y. 2010)). That is, the "delivery" of the summons and complaint contemplated by Rule 4(h)(1)(B) "must be personal—i.e., by hand." *Tate v. YRC Worldwide, Inc.*, No. 08-cv-0007, 2008 WL 11318316, at *2, 2008 U.S. Dist. LEXIS 125837, at *4 (E.D.N.Y. Sept. 23, 2008). Because Plaintiffs attempted service of the operative complaint—that

---

[5] Plaintiffs do not dispute that they attempted service of the first amended complaint exclusively by mail. (Dkt. No. 27, at 1, 5; Dkt. No. 29, at 3.)

7

is, the first amended complaint—on Spirit by mail, (Dkt. No. 27, at 5; Dkt. No. 29, at 3), Plaintiffs' service did not comply with Rule 4(h)(1)(B).

Rule 4(h)(1)(A) allows service "in the manner prescribed by Rule 4(e)(1) for serving an individual," which permits service in accordance with "state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, the Court must examine whether service of the amended complaint was proper under the laws of New York, where the Court is located, or Florida, where service was attempted.[6]

As with Federal Rule of Civil Procedure 4(h)(1)(B), New York state law does not generally authorize service on a domestic corporation by mail. *See* N.Y. C.P.L.R. § 311*; see also Jordan*, 928 F. Supp. 2d at 596 (E.D.N.Y. 2013). However, "under limited circumstances, [a] plaintiff may effect proper service on [a corporate] defendant via first-class mail, provided certain statutorily prescribed forms are included in the mailing." *Jordan*, 928 F. Supp. 2d at 596. Specifically:

> As an alternative to the methods of personal service authorized by section . . . 311[,] . . . a summons and complaint . . . may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

N.Y. C.P.L.R. § 312-a(a).

---

[6] Plaintiffs attempted to serve Spirit via mail at Spirit's headquarters in Florida by mailing the first amended complaint from Louisiana. (Dkt. No. 27, at 5; Dkt. No. 29, at 3.) Thus, service in accordance with the laws of Florida would be proper. *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 596–97 (E.D.N.Y. 2013) (examining the service laws of Virginia where a plaintiff attempted to serve a domestic corporation via mail by sending the summons and complaint to the corporation's office in Virginia).

8

Plaintiffs have not satisfied these requirements. Plaintiffs' affirmation of service indicates only that the "amended complaint" was served by mail. (Dkt. No. 27, at 5; Dkt. No. 29, at 3.)[7] There is no suggestion—in the affirmation of service or in Plaintiffs "affirmation in opposition"—that Plaintiffs attempted to serve anything other than the amended complaint. (*Id.*) It is Plaintiffs' burden to "make a prima facie showing that service was proper." *Kwon*, 2006 WL 416375, at *2, 2006 U.S. Dist. LEXIS 7386, at *6. Plaintiffs have failed to do so here, and accordingly, the Court finds that service of the first amended complaint on Spirit was not proper under N.Y. C.P.L.R. § 312-a. *See Jordan*, 928 F. Supp. 2d at 596 ("Plaintiff has not satisfied the additional requirements enumerated in [N.Y. C.P.L.R. § 312-a]. . . . Not having done so, plaintiff has failed to effect proper service pursuant to N.Y. C.P.L.R. § 312–a."). And even if Plaintiffs had included the necessary materials, they have not provided an acknowledgment of receipt from Spirit, which is independently sufficient to find service improper under N.Y. C.P.L.R. § 312-a. *See Obot v. Citibank S.D., N.A.*, 347 F. App'x 658, 660 (2d Cir. 2009) (citing *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1549 (2d Cir. 1992)). Thus, Plaintiffs' service of the first amended complaint on Spirit was improper under New York law.

Under Florida law, as under the Federal Rules and New York law, service on a domestic corporation by mail is not generally authorized. *See* Fla. Stat. § 48.081; *see also Patterson v. Meredith Corp.*, No. 18-cv-467, 2018 WL 3860164, at *2, 2018 U.S. Dist. LEXIS 217034, at *4 (M.D. Fla. June 29, 2018) ("Under Florida law, service by mail—or certified mail—is generally insufficient."). Florida law does, however, allow a corporation to consent to service by mail. *See* Fla. R. Civ. P. 1.070(i); *see also Shore v. Sixth Jud. Cir. Ct. of Fla.*, No. 22-cv-2355, 2023 WL

---

[7] This is in contrast to Plaintiffs' "verified return of service," which specifically indicates personal service of the original complaint, summons, and exhibits. (Dkt. No. 27, at 4.)

130747, at *2, 2023 U.S. Dist. LEXIS 3628, at *5 (M.D. Fla. Jan. 9, 2023) ("[P]rocess may only be served via certified mail if a defendant consents and waives personal service." (citing Fla. R. Civ. P. 1.070(i))); *Patterson*, 2018 WL 3860164, at *2, 2018 U.S. Dist. LEXIS 217034, at *4 ("Florida law allows a corporation to consent to service by mail . . . ."). But Plaintiffs do not suggest that they ever sought or received a waiver of personal service from Spirit (or any other Defendant).[8] Thus, having attempted to serve the first amended complaint on Spirit by mail and having failed to comply with Florida's rules regulating the waiver of personal service, Plaintiffs' service of the first amended complaint on Spirit was improper under Florida law.

In sum, Plaintiffs' personal service of the original complaint on Spirit was insufficient because Plaintiffs had already filed their first amended complaint by the time they served the original complaint on Spirit. Furthermore, because Plaintiffs' attempt at service by mail did not comply with the laws of New York or Florida, service of the first amended complaint on Spirit was improper under Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure. And because service of the first amended complaint was similarly improper under Rule 4(h)(1)(B), Plaintiffs failed to effect proper service of the first amended complaint on Spirit.

In general, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The period in which Plaintiffs were required to serve Spirit under Rule 4(m) ended August 2, 2022, and Plaintiffs did not attempt to serve Spirit until October 18, 2022, (Dkt. No. 27, at 4, 7). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process

---

[8] Indeed, Spirit indicates that "Spirit Airlines has never agreed to waive personal service." (Dkt. No. 30, at 8.)

in a timely manner was the result of circumstances beyond [his] control." *Jordan*, 928 F. Supp. 2d at 597–98 (citation omitted). But "ignorance of the law, even in the context of pro se litigants, does not constitute good cause under Rule 4(m)." *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (brackets and citation omitted). Here, Plaintiffs have not demonstrated good cause for their failure to properly serve Spirit. Indeed, it appears that Plaintiffs' "ignorance of the law" led them to attempt to serve Spirit in an unauthorized manner, which "does not constitute good cause under Rule 4(m)," *see Amnay*, 117 F. Supp. 2d at 285, and Plaintiffs have not otherwise proffered any reason that would constitute good cause for their delay and ultimate failure.

While "a district court may grant an extension in the absence of good cause," *Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007), the Court declines to do so here. When examining whether to allow additional time to effect service in the absence of good cause, the Court is afforded ample discretion to weigh the "overlapping equitable considerations." *Id.* While Spirit had actual notice of the suit since Plaintiffs' attempted service and would not likely be greatly prejudiced by granting Plaintiffs additional time to complete service, *see Jordan*, 928 F. Supp. 2d at 599, Plaintiffs, in apparent disregard of relevant rules, did not even attempt to serve Spirit until October 18, 2022, (Dkt. No. 27, at 4, 7), more than two months after the period prescribed by Rule 4(m) had elapsed. Plaintiffs had already been granted multiple extensions to file their first amended complaint and proofs of service, (Dkt. Nos. 6, 10), but only filed proofs of service in response to Spirit's motion to dismiss and otherwise disregarded the Court's order to file such proof. And, finally, the Court's dismissal of Spirit does not affect Plaintiffs' various claims against the numerous other Defendants, which—if Plaintiffs follow the Court's text order accompanying this decision and establish that these Defendants have been properly served—may

proceed. Accordingly, Spirit's motion to dismiss is granted and Plaintiffs' first amended complaint is dismissed as to Spirit.

## IV. PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED COMPLAINT

### A. Standard of Review

A party may amend its pleading "once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of [a responsive pleading or a motion under Rule 12(b)]." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend under Rule 15(a) "shall be freely given when justice so requires." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)(2)). For pro se plaintiffs, a "complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). However, "leave to amend may be denied if . . . amendment would be futile." *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)). Proposed amendments are futile if they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)). Leave to amend may also be denied "for . . . bad faith, undue delay, or undue prejudice to the opposing party." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting *McCarthy*, 482 F.3d at 200). "When a considerable period of time has passed between the filing of [a] complaint and [a] motion to amend, courts have placed the burden upon the movant to show some valid reason for [the] neglect and delay." *Nat'l Rifle Ass'n of Am. v. Cuomo*, 480 F. Supp. 3d 404, 413 (N.D.N.Y. 2020) (quoting

*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)), *aff'd in part, appeal dismissed in part sub nom. Nat'l Rifle Ass'n of Am. v. Hochul*, No. 20-3187, 2021 WL 5313713, 2021 U.S. App. LEXIS 33909 (2d Cir. Nov. 16, 2021). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Id.* (citation omitted).

**B.     Analysis**

Plaintiffs move to amend the first amended complaint and attach to their motion a proposed second amended complaint. (Dkt. No. 16.) Plaintiffs state that they "[did not] include[] a vital exhibit that was meant to be attached to the [first] Amended Complaint." (*Id.* at 3.) Specifically, Plaintiffs seem to suggest that they inadvertently failed to attach an affidavit of Plaintiff Gilbert Lau dated July 21, 2022, and a declaration of Plaintiffs Gilbert Lau, Jose Mercado, and Suzan Matovu dated July 23, 2022, to their first amended complaint, but they do attach these documents to their proposed second amended complaint. (*Id.* at 3, 6–7, 9–12.) Plaintiffs also state that "the facts are the same, the cause is the same, and the Plaintiffs are not seeking change on the Second Amended Complaint" but that the purpose of the second amended complaint is merely to include the previously omitted attachments. (*Id.* at 4.) Spirit—the only Defendant to have appeared in this action thus far—opposes this motion, arguing that Plaintiffs' amendments are futile and that Plaintiffs unduly delayed filing their motion to amend. (Dkt. No. 21, at 5–8.)

Proposed amendments are futile if they "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners*, 681 F.3d at 119 (citing *Cortec*, 949 F.2d at 50); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The Court declines to examine the merits of Plaintiffs' proposed second amended complaint as no Defendant in this case has been properly served, *see Monterey Bay Mil. Hous.,*

13

*LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 699 (S.D.N.Y. 2021) (explaining that a court "generally may not rule on the merits of a case without first determining that it has . . . personal jurisdiction." (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007))), and, in any event, Plaintiffs' motion to amend must be denied on procedural grounds because Plaintiffs' motion does not comply with Local Rule 15.1(a). This rule requires that a motion to amend "set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means." N.D.N.Y. L.R. 15.1(a). Plaintiffs did not submit a redline version of their proposed second amended complaint or an equivalent demonstration of the proposed insertions and deletions of language. In fact, Plaintiffs misrepresent what appears in their proposed second amended complaint. Despite stating that "the facts are the same, the cause is the same, and the Plaintiffs are not seeking change on the Second Amended Complaint," (Dkt. No. 16, at 4), the proposed second amended complaint—which is thirty-seven pages longer than the ninety-one page first amended complaint—includes factual allegations not found in the first amended complaint. (Dkt. Nos. 13, 16.) For example, Plaintiffs add in the proposed second amended complaint an allegation of sexual assault against Defendant "John Doe (aka Marrio)," a Spirit flight attendant. (Dkt. No. 13, ¶ 585.)[9] The proposed second amended complaint also asserts causes of action either plainly absent from or given only cursory mention in the first amended complaint, including causes of action arising from several alleged constitutional violations and

---

[9] The Court notes that this allegation was included in Plaintiffs' original complaint, (Dkt. No. 1, ¶ 341), and that Plaintiffs included in the first amended complaint and the proposed second amended complaint two similar, if not identical, allegations of sexual assault against employees of Defendants United Airlines and American Airlines. (Dkt. No. 13, ¶¶ 356–61, 399–403; Dkt. No. 16, ¶¶ 356–61, 399–403.)

from violations of New York law. (Dkt. No. 16, ¶¶ 549–78, 587–96, 644–49.)[10] Plaintiffs' failure to comply with Local Rule 15.1(a) and their accompanying misrepresentation to the Court as to what changes are contained in the proposed second amended complaint are sufficient to deny Plaintiffs' motion to amend. *See Jackson v. Infitec, Inc.*, No. 15-cv-894, 2020 WL 2748023, at *3, 2020 U.S. Dist. LEXIS 92072, at *7–8 (N.D.N.Y. May 27, 2020) ("[Plaintiff] runs afoul of [Local Rule 15.1]. A review of the proposed second amended complaint reveals that [Plaintiff] has made alterations without specifically identifying them. . . . [Plaintiff]'s motion for leave to amend is denied."); *Boyd v. Doe*, No. 18-cv-1333, 2021 WL 7542409, at *21, 2021 U.S. Dist. LEXIS 229447, at *56 (N.D.N.Y. Nov. 30, 2021) ("The district court should deny plaintiff's motion to amend and reject the proposed third amended complaint . . . [because] plaintiff has failed to comply with [Local Rule 15.1] . . . . [P]laintiff made alterations to his third amended complaint without specifically identifying them, despite his representation that he 'amended his complaint to reflect the [deficiencies] in the original complaint.'" (citations omitted)), *report and recommendation adopted*, 2022 WL 823648, 2022 U.S. Dist. LEXIS 48994 (N.D.N.Y. Mar. 18, 2022).

Accordingly, Plaintiffs' motion to amend the first amended complaint is denied for failure to comply with Local Rule 15.1(a).[11] However, Plaintiffs' may file a new motion to amend after filing of proofs of service of the first amended complaint as to the remaining Defendants and an affidavit demonstrating good cause for the delay in service, as directed in the

---

[10] The first amended complaint does not enumerate the causes of action it purports to assert, but, construed liberally, references certain causes of action throughout. (Dkt. No. 13.) The proposed second amended complaint, meanwhile, enumerates specific causes of action. (Dkt. No. 16, ¶¶ 524–652.)

[11] Because of the dispositive procedural defect in Plaintiffs' motion, the Court need not consider Spirit's argument that Plaintiffs unduly delayed filing their motion to amend, (Dkt. No. 21, at 7–8).

Court's text order accompanying this decision. Any such motion must comply with Local Rule 15.1(a) and all other applicable Local and Federal Rules.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant Spirit Airlines's motion to dismiss, (Dkt. No. 18), is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' first amended complaint is **DISMISSED without prejudice** as to Defendant Spirit Airlines; and it is further

**ORDERED** that Plaintiffs' motion to amend the first amended complaint, (Dkt. No. 16), is **DENIED**, but Plaintiffs may file a new motion to amend after filing of proofs of service of the first amended complaint as to the remaining Defendants and an affidavit demonstrating good cause for the delay in service, as directed by the Court's text order accompanying this decision, and any such motion must comply with Local Rule 15.1(a) and all other applicable Local and Federal Rules; and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 1, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge