**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GILBERT LAU, *et al.*,

                                Plaintiffs,

          - v -                          Civ. No. 1:22-CV-436
                                                  (BKS/DJS)

DR. ANTHONY STEPHEN FAUCI, *et al.*,

                                Defendants.

**APPEARANCES:**

GILBERT LAU
Plaintiff *Pro Se*
Shreveport, LA 71116

JOSE MERCADO
Plaintiff *Pro Se*
New York, NY 10001

SUZAN MATOVU
Plaintiff *Pro Se*
Entebbe, Uganda

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

Plaintiff's Amended Complaint is before the Court for review pursuant to 28

U.S.C. § 1915(e).  *See*  Dkt. No. 55.  Pro Se Plaintiffs Gilbert Lau, Jose Mercado, and

Suzan Matovu bring this action, naming as Defendants, *inter alia*, the United States, Dr.

---

[1] This matter was referred to the undersigned pursuant to L.R. 72.3(d).

Anthony Fauci, Dr. Rochelle P. Walensky, numerous federal and international agencies, several transportation companies, approximately ten foreign nations, and numerous John Doe Defendants. *See generally* Dkt. No. 13, Am. Compl. Generally stated, the Amended Complaint asserts claims related to events arising in the midst of the Covid-19 pandemic, most directly related to the requirement that individuals wear a face covering while travelling. *See id.* at p. 2.[2] Though far from a model of clarity, "Plaintiffs' first amended complaint appears to assert claims under the Administrative Procedure Act, 5 U.S.C. §§ 703, 706(2)(C); the Air Carrier Access Act, 49 U.S.C. § 41705; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); 42 U.S.C. §§ 1983, 1985, 1986; 49 U.S.C. § 44702; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12203[3], as well as New York and international law." *Lau v. Fauci*, 2023 WL 3181887, at *1 (N.D.N.Y. May 1, 2023) (citing Am. Compl. at ¶¶ 1–3, 30–49, 51, 114).

## I. FAILURE TO PROSECUTE

Before turning to the sufficiency of the Amended Complaint under section 1915, the Court begins with evaluating the manner in which this matter has been, or has not been, prosecuted by Plaintiffs.

---

[2] Citations to pages in the Amended Complaint are to page numbers assigned by the Court's CM/ECF system.

[3] The only factual allegations regarding the ADA claim relate to a potential claim against "American Air [Flight] 2198." Am. Compl. at p. 70. Though originally named as a Defendant American Airlines has been dismissed and so it does not appear that any claim under that statute remains.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y. 1997). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) ("dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In this District, all litigants have an ongoing obligation to keep their address information, including telephone numbers, updated with both the Court and adversaries. L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address and telephone number**."). A party's failure to provide such information is grounds for dismissal; Plaintiffs were advised of this when the Complaint was initially filed. L.R. 41.2(b); Dkt. No. 4 at p. 1. Indeed,

3

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).  Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998).  In considering whether dismissal is the proper action herein, the Court must consider the following: (1) the duration of the failure to comply with the Court's Orders; (2) whether a plaintiff was on notice that failure to comply would result in dismissal; (3) whether Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal.  *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993).  "Generally, no factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court notes that numerous documents forwarded to Plaintiffs Lau and Mercado have been returned as undeliverable.  Dkt. Nos. 37, 44, 50, & 53.  The District Court's most recent Order directing those Plaintiffs to provide updated address

4

information was also returned as undeliverable. Dkt. Nos. 56 & 57. The last communication from Plaintiffs was received by this Court in December 2023. Dkt. No. 54. With respect to Lau and Mercado, however, this Court now appears unable to communicate with either one. While mail to Plaintiff Matovu has not been routinely returned as undeliverable, she has failed to comply with this Court's most recent order to provide a current telephone number. Dkt. No. 55. That information is required under the Court's Local Rules and is necessary when communication by mail proves ineffective.

The Court finds that Plaintiffs were afforded proper notice of their obligation to comply with court orders and to prosecute the case and the consequences of the failure to comply. *See* Dkt. Nos. 4 & 55. Given that no service of process has been made upon the vast majority of Defendants, no significant prejudice to them exists. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiffs' right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action, where Plaintiffs have failed to comply with specific Court orders and rules and are unreachable. Lastly, the Court has carefully considered sanctions less drastic than dismissal. However, without the ability to communicate with Plaintiffs, there is no meaningful way to procure their "reappearance" to actively prosecute this action. Moreover, simply waiting for them to comply with their obligations has not been, and is not likely to be, fruitful.

In sum, in light of the fact that Plaintiffs Lau and Mercado cannot be contacted or communicated with at their address of record and their failure, and that of Plaintiff Matovu, to comply with the obligations of this Court's Local Rules and court orders, I recommend that this action be dismissed. For the sake of completeness, however, the Court will also review the legal sufficiency of the Amended Complaint.

## II. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.* In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*,

6

700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Analysis of the Complaint

### *1. Foreign Nation Defendants*

The Amended Complaint names multiple foreign nations and the World Health Organization as Defendants.  Am. Compl. at p. 6.  The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989).  It also "governs the immunity of international organizations." *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 215 (2019).  "The Act creates a baseline presumption of immunity from suit." *Fed. Republic of Germany v. Philipp*, 592 U.S. 169 (2021).  Under the FSIA "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter."  28 U.S.C. § 1604.  The plaintiff seeking to sue a foreign state bears the burden of establishing an exception to FSIA's immunity.  *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 153 (2d Cir. 2007).  "Even granting [the] complaint the most liberal possible interpretation, [the] allegations do not fall within the purview of any of the exceptions set forth in the FSIA."  *Nazer v. Israel State*, 2023 WL 3949055, at *4 (S.D.N.Y. June 12, 2023).

Plaintiffs' claims against the individual foreign nations and the WHO, therefore, should be dismissed with prejudice based on sovereign immunity.

## 2. The United States as a Defendant

The Amended Complaint separately names the United States of America and the "United States of America Corporation" as Defendants. *See* Am. Compl. at p. 1. "Under the doctrine of sovereign immunity, an action for damages will not lie against the United States absent consent. Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). The Amended Complaint makes no assertion that the United States has waived its sovereign immunity regarding any claims at issue here.

While the Federal Tort Claims Act ("FTCA") provides a limited immunity from suit for tort claims, it has strict exhaustion requirements. *Hill v. United States*, 2019 WL 5694016, at *5 (E.D.N.Y. Aug. 6, 2019). "The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). The Amended Complaint does not allege compliance with the FTCA. As such, any claims against the United States should be dismissed with prejudice.

### 3. Air Carrier Access Act

The Amended Complaint also purports to assert a claim under the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705. Am. Compl. at p. 3. The Second Circuit has held that the "text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011); *see also Berlin v. Jetblue Airways Corp.*, 436 F. Supp. 3d 550, 567 (E.D.N.Y. 2020). Any claim under that statute, therefore, should be dismissed with prejudice.

### 4. Bivens

Throughout the Amended Complaint, Plaintiffs indicate that they are bringing claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See*, *e.g.*, Am. Compl. at pp. 7-9.

There is presently no statutory analog to 42 U.S.C. §1983 for violations of constitutional rights by individuals acting under color of federal law. *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). In 1971, the Supreme Court did allow an implied claim for money damages for a fourth amendment constitutional violation suffered at the hands of federal officials. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Nine years later, the Court recognized the validity of a claim brought by the family of the federal inmate alleging that prison officials were deliberately indifferent to the decedent's serious medical needs, resulting in his death, in violation of the Eighth

Amendment to United States Constitution. *Carlson v. Green*, 446 U.S. 14 (1980).  Since

that time, however, extending the reach of *Bivens* has been considered a "disfavored

judicial activity."  *Ziglar v. Abbasi*, 582 U.S. at 135.  As recently noted by the Second

Circuit:

> Before a court may extend *Bivens*, it must engage in a two-step inquiry.
> The first step requires a court to determine whether the request involves a
> claim that arises in a 'new context' or involves a 'new category of
> defendants.'  We interpret new context broadly, and a context is new if it
> is different in a meaningful way from previous *Bivens* cases decided by
> the Supreme Court.  If a claim arises in a new context, the second step
> requires a court to determine whether there are special factors indicating
> that the Judiciary is at least arguably less equipped than Congress to weigh
> the costs and benefits of allowing a damages action to proceed. If there is
> even a single reason to pause before applying *Bivens* in a new context, a
> court may not recognize a *Bivens* remedy. And if there are alternative
> remedial structures in place, that alone, like any special factor, is reason
> enough to limit the power of the Judiciary to infer a new *Bivens* cause of
> action.

*Cohen v. Trump*, 2024 WL 20558, at *2 (2d Cir. Jan. 2, 2024) (internal citations and

quotations omitted).

This case clearly presents issues that arise in a new context.  The Covid-19

pandemic presented unique challenges for our society and government.  The Supreme

Court has rejected extending *Bivens* to far more contexts than it does apply, *Ziglar v.*

*Abbasi*, 582 U.S. at 135, and the issues presented by this case – involving transportation

mask mandates in the midst of a global pandemic are "novel one[s], unlike any in which

the Supreme Court has previously implied a cause of action under the Constitution."

*MC Mgmt. of Rochester LLC v. Biden*, _____ F. Supp.3d _____, 2023 WL 4194771, at

*7 (W.D.N.Y. June 27, 2023) (finding issues presented by government response to Covid relief programs present a new context). "[I]f a claim arises in a new context, a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert v. Boule*, 596 U.S. 482, 492 (2022). In this unique context, it would appear clear that the judicial branch is not best suited to determine the scope of potential claims and remedies arising from the pandemic.

### 5. 42 U.S.C. § 1983

The Amended Complaint purports to assert claims under 42 U.S.C. § 1983. The vast majority of Defendants named in this action are not proper parties under that statute. "Neither the United States nor its agencies are persons under section 1983 and are therefore excluded from the scope of liability under the section." *Sessoms v. Veterans Admin. Med. Ctr.*, 1988 WL 47357, at *1 (W.D.N.Y. May 6, 1988). The statute also does not apply to individual federal actors. *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). Nor can a foreign nation be sued under that statute. *Breard v. Greene*, 523 U.S. 371, 378 (1998).

Any claim under section 1983 requires state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, *FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim

of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted).

> United Airlines is identified as a Defendant in this case. Am. Compl. at p. 9.
>
> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the coercive power of the state or is controlled by the state (the compulsion test); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies (the joint action test or close nexus test); or (3) when the entity has been delegated a public function by the state, (the public function test).

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)) (internal quotations and alterations omitted). The Amended Complaint makes no allegation that United is a state actor under any of these theories and so the section 1983 claim against it should be dismissed. Here, the allegations are that United was enforcing a mask mandate imposed by government actors. Compliance with the law does not make a private party a state actor. *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 147 (2d Cir. 2020).

Assuming solely for purposes of this Report-Recommendation that Amtrak may be sued under section 1983, *see Chunn v. Amtrak*, 916 F.3d 204, 207 (2d Cir. 2019); *DeSilvis v. Nat'l R.R. Passenger Corp.*, 97 F. Supp. 2d 459, 460 n.2 (S.D.N.Y. 2000), the Amended Complaint fails to state a claim under that statute. The Amended Complaint purports to assert claims regarding the violation of the First, Fourth, Fifth, and Fourteenth Amendments by Amtrak. Am. Compl. at p. 13. The specific allegations relate to a November 2020 incident in which "Plaintiff" was not permitted to travel by train. *Id.* at pp. 63-64. This specific allegation makes no mention of any legal cause of action and does not specifically identify which Plaintiff was involved in the trip. As a result, the allegations are insufficient under Federal Rules of Civil Procedure 8 and 10 and should be dismissed.[4]

For these reasons, the Court recommends that all section 1983 claims be dismissed.

### 6. Administrative Procedure Act

The Amended Complaint also appears to assert claims regarding the imposition of the mask mandate under the Administrative Procedure Act. Am. Compl. at p. 13. There is not presently any federally imposed mask mandate for travel. The expiration of such a federal mandate moots Plaintiffs' APA challenge to the manner in which it

---

[4] This dismissal, based on the insufficiency of the pleadings, should be without prejudice. From the context of the Amended Complaint, however, it appears likely that this claim relates to Plaintiff Lau. If so, and the Court agrees that he has failed to prosecute this action, leave to amend need not be afforded.

14

was imposed. *Health Freedom Def. Fund v. President of United States*, 71 F.4th 888, 891-92 (11th Cir. 2023).

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Complaint be **DISMISSED** for failure to prosecute; and, in the alternative, it is

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend only as to a potential section 1983 claim against Amtrak regarding an incident in November 2020**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

& 6(a).

Date:   March 28, 2024
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge