UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GILBERT LAU, et al.,

                                    Plaintiffs,

v.                                                             1:22-cv-436 (BKS/DJS)

DR. ANTHONY STEPHEN FAUCI, et al.,

                                    Defendants.
_____

**Appearances:**

*Plaintiffs pro se:*
Gilbert Lau
Shreveport, Louisiana 71116

Jose Mercado
New York, New York 10001

Suzan Matovu
Uganda Entebbe

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

      Plaintiffs pro se Gilbert Lau, Jose Mercado, and Suzan Matovu initiated this action on May 4, 2022, and subsequently amended their complaint to assert various claims, including claims under the Air Carrier Access Act, 49 U.S.C. § 41705; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); 42 U.S.C. § 1983; and the Administrative Procedure Act, 5 U.S.C. §§ 703, 706(2)(C), against numerous Defendants, including the United States, Dr. Anthony Fauci, Dr. Rochelle P. Walensky, numerous federal and international agencies, several transportation companies, and approximately ten foreign nations. (*See generally* Dkt. No. 13.) Defendant Spirit Airlines moved to dismiss under Rule 12(b)(5) of the Federal Rules of Civil

Procedure, (Dkt. No. 18), and on May 1, 2023, the Court granted the motion and dismissed Defendant Spirit Airlines from the action, *see Lau v. Fauci*, No. 22-cv-436, 2023 WL 3181887, at *7, 2023 U.S. Dist. LEXIS 74929, at *19 (N.D.N.Y. May 1, 2023). Because the period in which Plaintiffs were required to serve certain Defendants under Federal Rule of Civil Procedure 4(m) ended on August 2, 2022, the Court directed Plaintiffs to file, by May 31, 2023, (1) proofs of service as to all remaining Defendants and (2) a detailed affidavit addressing Plaintiffs' delay in the completion of service upon these Defendants. (Dkt. No. 36.) The Court later extended this deadline to July 3, 2023, at Plaintiffs' request. (Dkt. No. 39.)

Plaintiffs filed several documents in response discussing their indigency and the difficulty in effecting international service. (Dkt. Nos. 48, 49, 54.) Plaintiffs also moved for leave to proceed in forma pauperis ("IFP"). (Dkt. Nos. 45–47, 51–52.) On February 16, 2024, the Court granted Plaintiffs' motions for leave to proceed IFP and referred the case to United States Magistrate Judge Daniel J. Stewart for a Report-Recommendation. (Dkt. No. 55.) Because the Court's mail to Plaintiffs Lau and Mercado had been returned as undeliverable, (Dkt. Nos. 37, 44, 50, 53), the Court ordered Plaintiffs Lau and Mercado to notify the Court of their current addresses. (Dkt. No. 55.) The Court also directed Plaintiff Matovu, whose address is in Entebbe, Uganda, to notify the Court of her telephone number. (*Id.*); *see* N.D.N.Y. L.R. 10.1(c)(2) ("Telephone numbers of non-prisoner pro se parties are required to be displayed on the docket for purposes of scheduling court proceedings."). None of Plaintiffs responded to the Court's Order, and the Court's order was returned as undeliverable as to Plaintiffs Lau and Mercado, (Dkt. Nos. 56, 57).

On March 28, 2024, Magistrate Judge Stewart issued a Report-Recommendation and recommended that Plaintiffs' amended complaint be dismissed under Rule 41(b) of the Federal

2

Rules of Civil Procedure for failure to prosecute and for failure to comply with court orders and the local rules or, in the alternative, that the amended complaint be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend only as to a potential § 1983 claim against Amtrak regarding an incident in November 2020. (Dkt. No. 58.) Plaintiffs were informed that they had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1) and that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. (Dkt. No. 58, at 15.)[1] Plaintiffs did not file any objections to the Report-Recommendation.[2]

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the recommendation in the Report-Recommendation that the amended complaint be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with court orders and the local rules.[3]

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's recommendation in the Report-

---

[1] Because Plaintiffs are proceeding pro se and were served with the Report-Recommendation by mail, three additional days were added to the fourteen-day period pursuant to Rule 6(d) of the Federal Rules of Civil Procedure. The last day of that prescribed period fell on a Sunday, so the deadline was extended until the end of the following Monday, April 15, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] The Court notes that the Report-Recommendation was served upon Plaintiffs via regular mail. (Dkt. No. 58.) The Report-Recommendation served on Plaintiff Mercado was returned as undeliverable. (Dkt. No. 59.)

[3] The Court has reviewed the findings in the Report-Recommendation as to the merits of claims under the Air Carrier Access Act, *Bivens*, § 1983, and the Administrative Procedure Act, (Dkt. No. 58, at 6–15), and has found no clear error in Magistrate Judge Stewart's analysis of those claims. However, because the Court adopts Magistrate Judge Stewart's recommendation to dismiss under Federal Rule of Civil Procedure 41(b), the Court does not address this further.

Recommendation that the amended complaint be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with court orders and the local rules, (Dkt. No. 58), is **ADOPTED**; and it is further

**ORDERED** that Plaintiffs' amended complaint, (Dkt. No. 13), is **DISMISSED** under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with court orders and the local rules; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 22, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

4